In the Matter of The Appeal of R. J. Reynolds Tobacco Co.

---

---

IN THE MATTER OF: THE APPEAL OF R. J. REYNOLDS TOBACCO COMPANY FROM THE TAXATION OF FORSYTH COUNTY AND ITS AFFECTED MUNICIPALITIES OF CERTAIN TOBACCO AT 100% OF THE TAX RATE FOR 1983

No. 8410PTC758

(Filed 2 April 1985)

Taxation § 25.1— exemption for tobacco in storage

Where Reynolds had described certain tobacco in its tax listing as "leaf tobacco in storage" and claimed a 100% exemption for imported leaf tobacco on "constitutional principles," Reynolds was entitled to the 40% exemption under G.S. 105-277(a) where it was not disputed that Reynolds stored the tobacco for the purpose of manufacturing it into cigarettes and other tobacco products and that the tobacco was aged for more than a year before processing. Reynolds did not have to cite or make reference to the applicable statute in order to qualify for or claim the exemption because the application showed facts which entitled Reynolds to the exemption. G.S. 105-282.1(a) (Cum. Supp. 1983).

APPEAL by Forsyth County and its affected municipalities from the 28 February 1984 decision of the North Carolina Property Tax Commission. Heard in the Court of Appeals 12 March 1985.

This appeal arises from a decision by the North Carolina Tax Commission sitting as the State Board of Equalization and Review which ordered that certain tobacco stored by the R. J. Reynolds Tobacco Company be taxed at sixty percent of the rates for real property and other tangible personal property within Forsyth County. On 15 April 1983 Reynolds listed for taxes certain tobacco. It described it as "Leaf Tobacco in Storage" and claimed a 100 percent exemption for imported leaf tobacco on "Constitu-

In the Matter of The Appeal of R. J. Reynolds Tobacco Co.

tional Principles." On 2 June 1983 the tax supervisor notified Reynolds that the claim for 100 percent exemption for imported leaf tobacco was denied and the tobacco would be taxed at sixty percent of the tax rate. On 9 September 1983 the tax supervisor notified Reynolds that it had corrected a clerical error and the classification of the tobacco for taxation at a reduced rate for 1983 was denied because an application for reduced rates had not been filed.

Reynolds appealed to the North Carolina Property Tax Commission which ordered that the tobacco be taxed at sixty percent of the rate for real property and other personal property. Forsyth County and its affected municipalities appealed.

*P. Eugene Price, Jr., and Jonathan V. Maxwell, for Forsyth County and its affected municipalities.*

*Horton, Hendrick & Kummer, by Thomas L. Kummer and John A. Cocklereece, Jr., for R. J. Reynolds Tobacco Company.*

WELLS, Judge.

N.C. Gen. Stat. § 105-277(a) (1979) provides that any agricultural product held in storage by a manufacturer or processor for manufacturing or processing which product is of such a nature to customarily require storage for more than one year in order to age or condition the product for processing or manufacturing shall be taxed at sixty percent of the rate levied upon real property and other tangible personal property. There is no dispute that the tobacco in question in this case is qualified under G.S. § 105-277(a) to be taxed at the sixty percent rate. The question is whether Reynolds properly applied for tax treatment under G.S. § 105-277(a) as it is required to do by N.C. Gen. Stat. § 105-282.1(a) (Cum. Supp. 1983) in order to establish its entitlement to the forty percent exemption.

Appellant contends that no application was made for the forty percent exemption under G.S. § 105-277(a). It argues that the application did not refer to G.S. § 105-277(a) and nowhere does the application state that the tobacco was held for manufacturing or processing, a requirement for exemption under G.S. § 105-277(a). The appellant argues that Reynolds applied specifically for a 100 percent exemption on "constitutional principles" based on

the fact that this was stored imported tobacco and therefore it was not an application for exemption under G.S. § 105-277(a).

Reynolds did not have to cite or make reference to the applicable statute in order to qualify for or claim the applicable exemption allowed by the section, if the application showed facts which entitle the applicant to the exemption. In this case the application showed that Reynolds had the tobacco in storage. It is not disputed that Reynolds stored the tobacco for the purpose of manufacturing it into cigarettes and other tobacco products and that the tobacco was aged for more than a year before processing. These facts entitle Reynolds to the forty percent exemption. Although Reynolds asked for a 100 percent exemption, which was denied, this does not preclude the forty percent exemption to which it is entitled as shown by the application.

Reynolds has argued that it was not required to make an application for the reduced rate because the preferential treatment for agricultural products is neither an exemption nor an exclusion. It has also argued that by the procedure used by the tax supervisor it was denied a substantive hearing before the Forsyth County Board of Equalization and Review. In light of our opinion we do not discuss these arguments.

Affirmed.

Judges BECTON and PARKER concur.