**IN RE ASSESSMENT AGAINST REYNOLDS TOBACCO CO.**

[96 N.C. App. 267 (1989)]

IN THE MATTER OF: THE PROPOSED ASSESSMENT OF ADDITIONAL COR-
PORATE INCOME TAX FOR THE TAXABLE YEAR 1983 AGAINST R. J.
REYNOLDS TOBACCO COMPANY

No. 8921SC165

(Filed 7 November 1989)

**Taxation § 29 (NCI3d)— corporate income tax—amended return—
payment of interest not required**

The N. C. Department of Revenue improperly required
a taxpayer to pay interest on certain additional State income
tax for the year 1983 which it paid the Department of Revenue
in 1985 where Forsyth County and its affected municipalities
assessed certain property taxes; the taxpayer paid them under
protest, took credit for them on its amended 1983 income tax
return, as N.C.G.S. § 105-163.03(a) permitted, and appealed
to the appropriate reviewing authorities until the assessment
was finally invalidated by the Court of Appeals; following receipt
of the refunds without interest, the taxpayer correctly recom-
puted the income tax credit previously taken, and paid the
additional corporate income tax which was due; and the Depart-
ment of Revenue incorrectly claimed interest on the tax from
the due date of the original 1983 return until the tax was paid.

**Am Jur 2d, State and Local Taxation §§ 858, 864.**

APPEAL by petitioner from *Beaty, Judge.* Judgment entered
7 December 1988 in Superior Court, FORSYTH County. Heard in
the Court of Appeals 12 July 1989.

*Hendrick, Zotian, Cocklereece & Robinson, by John A.
Cocklereece, Jr. and William A. Blancato, for petitioner appellant
R. J. Reynolds Tobacco Company.*

*Attorney General Thornburg, by Assistant Attorney General
Marilyn R. Mudge, for respondent appellee North Carolina
Department of Revenue.*

PHILLIPS, Judge.

This appeal is from a judgment requiring R. J. Reynolds Tobac-
co Company to pay interest on certain additional state income
tax for the year 1983 that it paid the North Carolina Department
of Revenue on 27 September 1985. That all taxes bear interest

after they are due is rudimentary and provided by statute, and the only question before us is when the additional tax became due.

The additional tax was paid because manufacturers are allowed to credit the property taxes they pay municipal and county governments during the tax year against their state income tax, and a few weeks earlier property taxes that Reynolds paid Forsyth County, the City of Winston-Salem, and the Town of Kernersville for 1983 were returned to it. The situation evolved as follows: When Forsyth County and its affected municipalities assessed the taxes involved Reynolds paid them under protest, took credit for them on its amended 1983 return, as G.S. 105-163.03(a) permitted, and appealed to the appropriate reviewing authorities until the assessment was finally invalidated by this Court. *In the Matter of The Appeal of R. J. Reynolds Tobacco Co.*, 74 N.C. App. 140, 327 S.E.2d 607, *disc. rev. denied*, 314 N.C. 116, 332 S.E.2d 483 (1985). Following the receipt of the refunds without interest, the last being received in late August 1985, Reynolds correctly recomputed the income tax credit previously taken, and on 27 September 1985 paid the additional corporate income tax that was due in the amount of $2,089,303, and advised the Secretary thereof. The Department of Revenue recognized the correctness of the tax but claimed interest on it from 15 March 1984, the due date of the original 1983 return, until the tax was paid. Reynolds paid the interest under protest and has been seeking to get it back ever since.

The basis upon which interest is claimed and Reynolds has been ordered to pay it is that G.S. 105-163.03(c), predecessor to the current G.S. 105-163.09, provided that after the Secretary of Revenue was notified that a manufacturer's local property taxes had been refunded that the additional tax, if any, "shall be assessed as provided in G.S. 105-241.1"; and G.S. 105-241.1 provides "(a) [i]f the Secretary of Revenue discovers from the examination of any return or otherwise that any tax or additional tax is due from any taxpayer, he shall give notice to the taxpayer in writing of the kind and amount of tax which is due . . ."; and "(i) [a]ll assessments of taxes or additional taxes, exclusive of penalties assessed thereon, *shall bear interest from the time the taxes or additional taxes were due until paid.*" (Emphasis supplied.) But these provisions are of no utility in determining the appeal; for in effect they merely state the admitted fact that all taxes bear interest from the time they "were due," whereas the issue for determination is when the additional taxes became due. Certain-

ly, the additional taxes were not due on 15 March 1984 as the Department maintains and the Superior Court ruled; for the record indisputably shows that all taxes then due were paid and that the additional tax would have never become due if Reynolds had not continued to dispute the assessment for more than a year after that. In our opinion the tax did not become due until after the refunds were received and the tax thereon was computed in accord with G.S. 105-241.1, by which time Reynolds had paid it. To hold otherwise would require us to construe the statutes involved to authorize the Department to collect interest on taxes that counties and municipalities erroneously exact from manufacturers, which we decline to do.

Reynolds' situation in this case is strikingly different from those dilatory, careless, fraudulent, or otherwise delinquent taxpayers the foregoing statutes were enacted to collect interest from; taxpayers who miscompute, understate, underpay, or do not report their taxes. Unlike those taxpayers Reynolds paid not only all the tax that was *then due* when the return was filed, but paid taxes erroneously claimed to be due; it did not retain or withhold any monies that rightfully belonged to the Department and meticulously followed the statutory directives and procedures until the refunds, which gave rise to the tax, were eventually received.

The order of the Superior Court is reversed and the matter remanded for entry of an order directing that the interest paid by R. J. Reynolds Tobacco Company on the additional tax paid 27 September 1985 be refunded.

Reversed and remanded.

Judges COZORT and LEWIS concur.